G.L. 2/2/23

MICHAEL LEHNERS, ESQ.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331
(775) 786-1695
email michaellehners@yahoo.com
Attorney for Plaintiff Chapter 7 Trustee
Christopher P. Burke

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

oOo

IN RE

METAL RECOVERY SOLUTIONS,
INC., aka MRS, INC,

    Debtor(s).
_____/

BK-N- 20-50660-GS
CHAPTER 7

Hearing Date: NA
and Time: _____
Mtn No. _____

NOTICE OF OFFER TO PURCHASE
ESTATE ASSETS AND CLAIMS

    Chapter 7 Trustee, Christopher P. Burke, files the following Notice of Offer to Purchase Estate Assets and Claims for $1.1 Million Dollars made by Jex Technologies Corporation. A copy of the signed term sheet describing the sale has been attached hereto as Exhibit "1"

    Dated: This ___2___ day of ___February___, 2023

By: _____/s/_____
Michael Lehners, Esq.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331

# Exhibit 1

# Exhibit 1

# METAL RECOVERY SOLUTIONS, INC.
# TRANSACTION TERM SHEET

This term sheet (the "Term Sheet") summarizes certain material terms of the proposed Asset Purchase Agreement (the "Agreement") to be entered into between (i) Metal Recovery Solutions, Inc. (the "Debtor") and Christopher Burke, solely in his capacity as the Chapter 7 trustee of Metal Recovery Solutions, Inc. (collectively, "Sellers"), pending in case number 20-50660 in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court") and (ii) JEX Technologies Corporation (the "Buyer").

The completion of the transactions contemplated by this Term Sheet will be subject to, among other things, execution and delivery of legally binding definitive agreements between the parties consistent herewith and otherwise on terms mutually acceptable to the parties and approval by the Bankruptcy Court.

| **Purchase Price** | $1.1 million in cash to be paid as follows:<br><br>• $450,000 (the "Initial Payment") within five business days of the Bankruptcy Court entering a final, non-appealable order approving the Agreement (the "Order");<br><br>• Buyer shall pay:<br><br>    o Within 30 days after entry of the Order, $125,000 (the "First Installment"); and<br><br>    o On the 15th day of each subsequent month after payment of the First Installment, $105,000 per month until paid in full (the "Remaining Installments").<br><br>    o For the avoidance of doubt, Buyer may prepay any amounts at any time without penalty. |
|---|---|

| | |
|---|---|
| ***Purchased Assets/Excluded Assets*** | Purchased Assets shall include the following without limitation (the "Purchased Assets"):<br><br>(i) All assets of the bankruptcy estate ("Estate"), including without limitation:<br><br>    a. the 4G1 and 4G2 trailers and ancillary equipment/supplies (including without limitation the Crew Trailer, the Chevy Pickup and all spare parts, job computer and supplies) as detailed in the *Lease with Purchase Option Agreement* dated July 31, 2019 by and between Buyer and Metal Recovery Solutions;<br><br>    b. all claims, rights, credits, causes of action (including any commercial tort claims), defenses and rights of set-off of any type of the Sellers, and any proceeds of, or property and interests recovered in respect of, and the right to control, all claims, counterclaims, causes of action and defenses of any Seller, including without limitation all causes of action pursuant to chapter 5 of the Bankruptcy Code or similar state laws, including but not limited to against current or former insiders of the Sellers, current or former equity owners of the Sellers, current and former lenders to the Sellers and current or former directors or officers of the Sellers, and all causes of action or alter ego claims the Sellers have brought or could bring against Differential Engineering, Dr. Thomas Seal, Jetta Seal, or any other third-party;<br><br>    c. all contracts, leases, and rights thereunder between Metal Recovery Solutions, Inc. and any third-party, including, without limitation, all non-circumvention, non-disclosure, and confidentiality agreements, regardless of whether such contracts and leases are executory, have been rejected or deemed rejected within the meaning of Bankruptcy Code Section 365. |
| ***Assumed Liabilities/Excluded Liabilities*** | Buyer will not assume any liabilities of the Sellers. |

2

| | |
|---|---|
| ***Warranties and Representations*** | • Buyer acknowledges that some or all of the claims, rights, credits, causes of action are the subject of pending litigation, including *Burke vs. Metal Recovery Solutions, Inc. et. al.* Adv. No. 21-05066-GS; *Differential Engineering vs. Geo Logic Associates and Christopher P. Burke, Chapter 7 Trustee*, BAP No. NV 22-1081; *Geo-Logic Associates, Inc. vs. Metal Recovery Solutions*, 9th Cir., Case No. 20-15157; and *Geo-Logic Associates, Inc. v. Metal Recovery Solutions, Inc., et al.*, D. Nev., Case No. 3:20-cv-00180-MMD-CSD.<br><br>• Buyer has had counsel examine all pending litigation, including relevant pleadings and the docket sheets, and it has been properly advised as to all claims and defenses of all parties transactionally related to said litigation.<br><br>• Buyer is also aware of all deadlines with respect to the pending litigation.<br><br>• The Estate's sale of the claims, rights, credits, causes of action are as is with no guarantees of any kind as to the merits or outcome. However, Seller understands that included in the Purchased Assets are all alter ego claims held by the Estate and that these claims, including those brought by Geo-Logic Associates, Inc. in Case No. 3:20-cv-00180-MMD-CSD in the United States District Court, District of Nevada (Reno), are general claims and property of the Estate.<br><br>• Seller acknowledges and agrees that the Buyer and Seller have continued in good faith under the terms of the *Lease with Purchase Option Agreement* effective as of July 31, 2019 between the Buyer and the Debtor (the "Lease"). Accordingly, the parties hereby waive any breach or rejection of the Lease as of the execution of this Term Sheet and reinstate the Lease.<br><br>• Seller further acknowledges and agrees that JEX Technologies Corporation holds an exclusive license with Differential Engineering to use certain technology related to heap leach processing (the "Technology"). Further, any rights, title, and/or interest the Estate holds in any license to the Technology or other patents, upon payment in full, shall be transferred to Buyer.<br><br>• Seller understands that the contracts to be assigned are non-executory contracts and not subject to Bankruptcy Code Section 365. |

3

| *Default* | <ul><li>Buyer shall be in default of the Agreement if (1) it fails to pay the Initial Installment, First Installment, or any Remaining Installment; (2) the Seller sends a written notice of default to the Buyer, with a copy to its counsel, via email and first class mail describing the default; and (3) the Buyer fails to cure the default within 30 days of the date of receipt of the email notification from the Seller ("Buyer Event of Default").</li><li>If there is a Buyer Event of Default, any payments made by Buyer to the Seller, including lease payments made prior to the execution of this Term Sheet, shall be credited as a payment under the terms of the Lease. Specifically, upon a Buyer Event of Default:<ul><li>To the extent the payments made from Buyer to Seller are less than the Purchase Option (as defined in the Lease), the payments (including payments made prior to entry into this Term Sheet) shall be deemed payments under the Lease, and the Buyer shall have the option to continue to lease the Equipment pursuant to the terms of the Lease.</li><li>To the extent the payments made from Buyer to Seller (including payments made prior to entry into this Term Sheet) are equal to or greater than the Purchase Option and a Buyer Event of Default occurs, Seller shall be entitled to retain $50,000 as liquidated damages. Any funds in excess of the Purchase Option plus $50,000 shall be returned to Buyer within five business days of the Buyer Event of Default.</li></ul></li><li>Upon a Buyer Event of Default, Seller shall have the right to administer all other Purchased Assets not subject to the Lease.</li><li>In the event of a default, each party shall pay its own costs.</li></ul> |
|---|---|

4

| | |
|---|---|
| ***Sale Order*** | The Sale Order, which shall be in form and substance reasonably acceptable to the Buyer, shall include without limitation the following:<br><br>• All Purchased Assets shall be purchased free and clear of all claims, including without limitation successor liability claims, liens, and encumbrances pursuant to § 363(f) of the Bankruptcy Code;<br><br>• Buyer shall have the protections of § 363(m) as a good faith purchaser;<br><br>• Assignment of all contracts and leases is authorized and approved;<br><br>• The 14 day time period in Fed. R. Bankr. P. 6004(h) shall be waived; and<br><br>• Within 15 days after entry of the Sale Order on the docket, Buyer and Seller shall file a notice of substitution of real party in interest in all pending litigation in which the Seller is a party, replacing Seller with the Buyer.<br><br>• The Purchased Assets shall remain property of the Estate until Buyer has paid the Purchase Price in full. Until such time, all provisions of 11 U.S.C. § 362(a) shall remain in full force and effect related to the Purchase Assets as to all persons and entities, whether they are parties to this agreement or not.<br><br>• Upon approval of this Term Sheet and entry into the definitive documents, Seller shall execute all necessary documents to transfer the Purchased Assets ("Transfer Documents"). Seller will hold the Transfer Documents in escrow, and within five business days of payment in full of the Purchase Price, Seller shall mail the Transfer Documents via certified, first-class mail to Buyer and file a notice with the Bankruptcy Court confirming payment in full of the Purchase Price and the Sale has closed, thus terminating the automatic stay as to the Purchased Assets and transferring all rights, title, and interest in the Purchased Assets to Buyer.<br><br>• The Lease is reinstated. So long as the Buyer remains current as to the Purchase Price, no additional payments shall be due under the terms of the Lease. |
| ***Court Approval*** | • This Term Sheet and the Agreement are subject to approval by the Bankruptcy Court;<br><br>• The Trustee will file a motion to approve this Sale pursuant to Section 363(b) and (f) of the Bankruptcy Code and to approve a compromise under Bankruptcy Rule 9019 in form and substance reasonably acceptable to Buyer. Such motion shall be noticed to the official mailing matrix and any counterparties to contracts or leases to be assigned not otherwise listed on the official mailing matrix. |

[*Signature page follows*]

IN WITNESS WHEREOF, the following has caused this Term Sheet to be duly executed as of the date first written above.

**SELLER:**

**CHRISTOPHER BURKE, SOLELY IN HIS CAPACITY AS THE CHAPTER 7 TRUSTEE OF METAL RECOVERY SOLUTIONS, INC.**
By: _____
    Name: _____
    Title: _____

**BUYER:**

**JEX TECHNOLOGIES CORPORATION**
By: ___*/signature/*_____
    Name: __David McMullin_____
    Title: ___CEO and Director_____

[*Signature Page to Term Sheet*]

IN WITNESS WHEREOF, the following has caused this Term Sheet to be duly executed as of the date first written above.

SELLER:

CHRISTOPHER BURKE, SOLELY IN HIS CAPACITY AS THE CHAPTER 7 TRUSTEE OF METAL RECOVERY SOLUTIONS, INC.

By: _____
   Name: *Christopher Burke*
   Title: *Bankruptcy Trustee*
        *Metal Recovery Solutions*
        *BK-20-50660*

BUYER:

JEX TECHNOLOGIES CORPORATION
By: _____
   Name: David McMullin
   Title: CEO and Director

*[Signature Page to Term Sheet]*

**CERTIFICATE OF SERVICE BY MAIL AND BY ECF**

Pursuant to Federal Rule of Civil Procedure 5(b), I certify that on the 2nd day of February, 2023 I deposited for mailing in the United States Post Office in Reno, Nevada, with postage thereon fully prepaid, a true copy of the within **NOTICE OF OFFER TO PURCHASE ESTATE ASSETS AND CLAIMS** addressed as follows:

Metal Recovery Solutions, Inc.
PO Box 13014
Reno, Nv 89507

U.S. Trustee
300 Booth Street. Room 3009
Reno, NV 89509

Christopher Burke, Trustee
702 Plumas St.
Reno, NV 89509

Louis M. Bubala, III
KAEMPFER CROWELL
50 W. Liberty Street, Suite 700
Reno, Nevada 89501

Seth Adams, Esq.
Woodburn & Wedge
6100 Neil Road, Suite 500
Reno, NV 89511

Ellen E. Ostrow, Esq.
201 South Main St., Ste 1100
Salt Lake City, Ut 84111

Adam Yowell, Esq.
Brownstein Hyatt Farber Schreck
6371 Kietzke Ln
Reno, Nv 89511

Elizabeth Fletcher, Esq.
Fletcher & Lee
448 Ridge St.
Reno, NV 89501

L. Edward Humphrey, Esq.
Humphrey Law PLLC
201 W. Liberty St, Ste 350
Reno, Nv 89501

In addition a copy of the attached document was served to all registered participates in this case through the court's ECF system upon filing.

Dolores Stigall