Louis M. Bubala III (NV Bar No. 8974)
KAEMPFER CROWELL
50 West Liberty Street, Suite 700
Reno, Nevada 89501
Telephone: 775-852-3900
Facsimile: 775-327-2011
Email: lbubala@kcnvlaw.com

Ronald P. Oines (CA Bar No. 145016)
*Admitted Pro Hac Vice*
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, California 92612
Telephone: 714-641-5100
Facsimile: 714-546-9035
Email: roines@rutan.com,

Attorneys for Creditor Geo-Logic Associates, Inc.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>METAL RECOVERY SOLUTIONS, INC.,<br>aka MRS, INC.,<br><br>Debtor. | Case No.: BK-20-50660-gs<br>Chapter 7<br><br>**DECLARATION OF LOUIS M. BUBALA III IN SUPPORT OF MOTION FOR ORDER SHORTENING TIME FOR HEARING**<br><br>**[MOTION TO COMPEL COMPLIANCE WITH SALE ORDER]**<br><br>Hearing Date: N/A<br>Hearing Time: N/A<br>Hearing Location: N/A |

I, LOUIS M. BUBALA III, declare as follows:

1. I am over the age of 18 and competent to make this declaration.

2. I am of counsel with the Kaempfer Crowell law firm, a member in good standing of the State Bar of Nevada, and admitted to practice before this court. Kaempfer Crowell represents creditor Geo-Logic Associates, Inc., in this case.

3. I have knowledge of and am competent to testify to the matters stated herein, except to those matters stated upon information and belief, and as to those matters, I believe them to be true.

4. Since the trustee began evaluating claims against debtor's principals, and since filing his adversary proceeding against then, he or his counsel has held numerous discussions with GLA and other parties about monetizing the assets through the litigation, settlement or sales. I have

participated in those discussions, and his counsel, without revealing details of any other discussions, has acknowledged that he was having similar discussions with other parties in the case.

5. In regards to the sale of the estate's assets, trustee's counsel Michael Lehners emailed his proposed order to me and other party counsel on April 11, 2023, and the draft included the Section 363(m) language.

6. After 5 p.m., Friday, May 26, 2023, I called Mr. Lehners about the status of the closing by the prevailing bidder, Element Global. He told me that Element did not pay, but the Trustee extended the deadline through June 5, 2023.

7. Mr. Lehners asserted that the Trustee exercised his business judgment in extending the date to obtain $50,000 above the backup bid. He also stated if the estate was solvent, the Trustee's duties extend to debtor's equity. Mr. Lehners also indicated that the sale order did not require the Trustee to provide immediate notice of default to trigger the backup bid. Finally, he claimed that Jex/Seal agreed to close on the backup bid if Element did not.

8. I objected to Mr. Lehners that the Trustee lacked authority to extend the deadline and that the Order required him to notify the parties to trigger the backup bid. I further objected that the Trustee's duties are to the creditors, and that the extension—in mere hopes of additional funds—was contrary to his duties. I told him that the sole beneficiaries of the extension and additional funds, if it is a solvent estate, are the administrative claimants and Dr. Seal. While Mr. Lehners asserted he had minimized his billing to the estate, I responded that he could and should bill the estate for his work. The decision to not bill, I countered, does not justify the extension in hopes of additional funds.

9. On Friday, June 2, 2023, the last business day before Element's deadline to perform under the purported extension, I spoke with Element's counsel, Amy Tirre. She said her client did not have the funds to close on June 5, 2023. She asked if GLA would stipulate to an additional extension with a daily payment of approximately $685 in interest until closing. Over the

weekend, I respond to reject the proposal, noting GLA received no benefit from the additional funds.

10. On Monday, June 5, 2023, Mr. Lehners called me to advise that Element did not have the funds and that the Trustee did not agree to a second extension, with one caveat. The Trustee would consider an extension if Element made a deposit. I told him that GLA still did not agree the Trustee could extend the time for performance, with a deposit or otherwise.

11. On Tuesday, June 6, 2023, I emailed Mr. Lehners, asking when the Trustee would send the notice of default, triggering the backup bid. Mr. Lehners responded, advising that the Trustee again extended the deadline for Element, through June 30, 2023. Mr. Lehners wrote that a non-refundable $50,000 cashier's check "has been sent to my office" by Element, and that Jex/Seal agreed to perform if Element did not.

12. On the morning of Wednesday June 7, 2023, I contacted the party counsel, asking them if they consented to a hearing on shortened time to compel compliance with the sale order. Later that afternoon, the Trustee file a notice of extension (Dkt. 328).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: Thursday, June 8, 2023

By: */s/Louis M. Bubala III*
    Louis M. Bubala III