MICHAEL LEHNERS, ESQ.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331
(775) 786-1695
email michaellehners@yahoo.com
Attorney for Plaintiff Chapter 7 Trustee
Christopher P. Burke

*E.↑ 4/22/23*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

oOo

|  |  |
|---|---|
| IN RE | BK-N- 20-50660-GS |
|  | CHAPTER 7 |
| METAL RECOVERY SOLUTIONS, | Hearing Date: 6/26/23 |
| INC., aka MRS, INC, | and Time: 9:30 |
|  | Mtn No. _____ |
| Debtor(s). | OPPOSITION TO GEO-LOGIC |
| _____/ | ASSOCIATES' MOTION TO COMPEL |
|  | COMPLIANCE WITH SALE ORDER |
|  | (ECF 330) |

Chapter 7 Trustee, Christopher P. Burke, by and through his counsel, Michael Lehners, Esq. files the following Opposition to Geo-Logic Associates' Motion to Compel Compliance With Sale Order (ECF 330).

## 1. Background

This motion concerns this Court's May 5, 2023 Order Approving Trustee's Motion to Approve Sale of Claims and Other Bankruptcy estate Assets (ECF 317). Element Global Inc (referred to as Element) was the high bidder with a cash offer of $2,500,000. JEX Technologies Corp., (referred to as Jex) and Dr. Seal reserved a collective backup bid of $2,450,000. Element was obligated to pay this sum on or before May 26, 2023.

1

Element requested a brief extension from May 26 to June 5, 2023. The Trustee consented to this short extension on the express condition that both Jex and Dr. Seal consent to be bound to pay their collective backup bid of $2,450,000 should Element fail to pay by June 5, 2023. This consent was placed in writing and signed by the respective attorneys for Element, Jex and Dr. Seal.

On or about June 5, 2023 Element sought a second extension, this time to June 30, 2023. The Trustee agreed on three conditions: (1) Element will immediately pay $50,000 to the Trustee which will be applied to the purchase price; (2) This $50,000 is non-refundable should Element not pay the balance on June 30, 2023; and (3) Jex and Dr. Seal shall consent in writing to be bound to pay their collective backup bid of $2,450,000 should Element fail to pay by June 30, 2023.

All three conditions were satisfied, and on June 7, 2023 the Trustee filed notice of this conditional extension with supporting documentation (ECF 328).

## 2.    Claims and Assets

The claims of Differential Engineering have been disallowed. There are three remaining allowed unsecured claims in this case which total 2,278,390.55:

Guild, Gallagher & Fuller -------------------------------------------------------- $1,500.00
Geo-Logic Associates ------------------------------------------------------------- $2,215,692.69
Brownstein Hyatt Farber, Schreck------------------------------------------------- $61,197.86

Total---------------------------------------------------------------------------- $2,278,390.55

In addition to the $2,500,000 bid, the Trustee had previously recovered $163,464.84 as a settlement in the adversary proceeding entitled *Burke vs. Geo-Logic Associates*, Adv. No. 20-5025. A stipulation was entered on December 14, 2020 (Adv. ECF 18); and an order

2

approving the stipulation was entered on December 15, 2020 (Adv. ECF 19).

The estate is fully solvent, and the unsecured claims shall bear interest at the appropriate rate.

## 3. Trustee's Business Judgment

The Chapter 7 Trustee is a fiduciary charged with protecting the interest of all estate beneficiaries - namely, all classes of creditors as well as the debtor's interest in exemptions and in any surplus property. *In re Wisdom*, 478 B.R. 394, 399 (Bankr. D. Idaho 2012), *aff'd,* 490 B.R. 412 (D. Idaho 2013), *aff'd sub nom. Wisdom v. Gugino*, 649 F. App'x 583 (9th Cir. 2016), citing the United States Trustee, Handbook for Chapter 7 Trustees (Effective October 1, 2012), pg. 4–2

The Trustee's measure of care and diligence is one that an ordinary prudent person would exercise under similar circumstances. *In re Rigden*, 795 F.2d 727, 730–31 (9th Cir. 1986).

Ordinarily, the position of the trustee is afforded deference, particularly where business judgment is entailed in the analysis or where there is no objection. Nevertheless, particularly in the face of opposition by creditors, the requirement of court approval means that the responsibility ultimately is the court's. *In re Lahijani*, 325 B.R. 282, 289 (B.A.P. 9th Cir. 2005).

In this case, there will be a surplus after all creditors are paid, including anticipated administrative claims. The Trustee is under a fiduciary duty to protect the Debtor's interest in surplus property.

The Trustee supports his June 30, 2023 extension for the following reasons. The Trustee believes Element is contractually bound to pay for the assets and claims it purchased. If the Trustee made demand on Jex

3

and Dr. Seal, the estate would have received $50,000 less, and the Trustee would have the obligation to pursue Element for the $50,000 difference. That would have reduced the surplus by the administrative costs spent to recover the $50,000.

By obtaining the extension (and the $50,000 certified check), the Estate will recover $2,500,000 even if Element fails to pay on June 30, 2023. Should that happen, the Trustee will make demand upon Jex and Dr. Seal. They will pay the $2,450,000 and the Trustee will be entitled to keep the $50,000. This insures the benefit of the bargain will be retained whether Element is able to meet the deadline or not.

Last, the Trustee would not have agreed to the extension unless both Jex and Dr. Seal agreed to be bound by their backup bid at the time the extension expires should Element not pay. This agreement was obtained in writing, and it is signed by each party's respective attorney.

The Trustee believes these reasons supports his business judgment.

**4.    Argument**

A.    GEO LOGIC'S POSITION

Geo Logic is understandably concerned about the length and expense of its case against the Debtor. There have been years of litigation. Geo Logic argues the Trustee unilaterally may not give an extension because it is a modification of an order. Nothing was filed to modify the order. i.e. a motion under Fed. R. Bank. Pro. 9006(b)(1).

Geo Logic also argues that it holds 97% of the claims, and the duty to it is superior to shareholders, citing *In re Original IFPC Shareholders, Inc.* 317 B.R. 738 (Bkrtcy N.D. Ill 2004). The Court made this distinction

4

as a result of the different legal rights that creditors and equity security holders have under the Bankruptcy Code.

This argument overlooks one significant point. A debtor is a person or municipality concerning which a case under this title has been commenced 11 U.S.C. §101(13). An equity security holder means holder of an equity security of the debtor 11 U.S.C. §101(17). The terms are not synonymous.

*In re Wisdom*, supra, is clear. Under the United States Trustee Handbook for Chapter 7 Trustees, the Trustee is charged with protecting the debtor's interest in any surplus property. This obligation can not be ignored because the debtor's equity security holders may subsequently benefit from this duty. The duty is to the surplus property; not the equity security holders.

Fed. R. Bank. Pro. 9006 does authorize motions to extend time under certain circumstances. However, the request must be made <u>before</u> the expiration of the period originally prescribed or as extended by a previous order (emphasis supplied).

That was not possible here. The extension from May 26, 2023 to June 5, 2023 was sought on May 26, 2023. The extension from June 5, 2023 was sought on June 5, 2023. No motion could have been filed or granted due to this timing.

B.   <u>GEO LOGIC HAS NOT DEMONSTRATED IT SUFFERED CONCRETE HARM</u>

The irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized. Second, there must be a causal connection between the

5

injury and the conduct complained of — the injury has to be fairly ... traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be "redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992). The injury must also be actual or imminent, not conjectural or 'hypothetical. Id. See also *Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016).

Abstract injury is not enough. The plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02, 103 S. Ct. 1660, 1665, 75 L. Ed. 2d 675 (1983).

In *TransUnion LLC v. Ramirez,*, 141 S. Ct. 2190, (2021) the Court said "Article III grants federal courts the power to redress harms that defendants cause plaintiffs, [it is] not a freewheeling power to hold defendants accountable for legal infractions." Id 141 S. Ct. at 2205.

The harm complained of by Geo Logic is not concrete. It is hypothetical and speculative. There are more than ample assets in this case to pay Geo Logic (and the other two creditors) in full with interest. Interest is the time value of money. The delay is short, but the $50,000 benefit is significant. For that reason, any alleged procedural infraction is harmless.

6

## 5.   Conclusion

The Trustee does not owe any duty to Dr. Seal. Rather, he does owe a duty to protect Metal Recovery Solutions, Inc's  interest in any surplus property. Debtors and shareholders are defined differently under 11 U.S.C. §101. The shareholder analysis is not relevant for that reason.

Before giving Element either extension, the Trustee secured in writing Jex and Dr. Seal's commitment to pay the $2,450,000 should Element default. The second time, the Trustee received $50,000 which is non-refundable in the event of a default.

A trustee must sometimes take immediate action to protect the estate. That was the case here. The trustee's actions insure the estate will receive $2,500,000 if Element does not pay and Jex and Dr. Seal do. Geo Logic has not suffered any concrete harm.

That being said, this will be the last extension given to Element. If it fails to pay on Friday, June 30, 2023; a notice of default and demand will be sent to Jex and Dr. Seal on Monday, July 3, 2023. For these reasons, the motion to compel should be denied.


Dated: This ___21___ day of ___June___, 2023

By: _____
Michael Lehners, Esq.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331

7

1

**CERTIFICATE OF SERVICE BY MAIL**

2      Pursuant to Federal Rule of Civil Procedure 5(b), I certify that on the ___ day of June, 2023  I

3   deposited for mailing in the United States Post Office in Reno, Nevada, with postage thereon fully prepaid,

4   a true copy of the within **OPPOSITION TO GEO-LOGIC ASSOCIATES' MOTION TO COMPEL**

5   **COMPLIANCE WITH SALE ORDER (ECF 330)**  addressed as follows:

6                     Amy Tirre, Esq.
                       3715 Lakeside Drive
7                     Suite A
                       Reno, NV 89509

8                     Seth Adams, Esq.
                       Woodburn and Wedge
9                     P. O. Box 2311
                       Reno, NV 89505

10

11                    Elizabeth Fletcher, Esq.
                       Fletcher & Lee
                       448 Ridge St.
12                    Reno, NV 89501

13                    L. Edward Humphrey, Esq.
                       Humphrey Law PLLC
                       201 W. Liberty St, Ste 350
14                    Reno, Nv 89501

15                    Louis M. Bubala, III
                       KAEMPFER CROWELL
16                    50 W. Liberty Street, Suite 700
                       Reno, Nevada 89501

17                    Ellen E. Ostrow, Esq.
                       Foley & Lardner LLP
18                    95 S State Street, Suite 2500
                       Salt Lake City, UT 84111
19

20                    U.S. Trustee
                       300 Booth Street. Room 3009
21                    Reno, NV 89509

22      In addition a copy of the attached document was served to all registered participates in this case

23   through the court's ECF system upon filing.

24

25                                                    _____
                                                        Dolores Stigall
26

27

28