FLETCHER & LEE
Elizabeth Fletcher, Esq.
Nevada Bar No. 10082
448 Ridge Street
Reno, Nevada 89501
Telephone:  775.324.1011
Email: efletcher@fletcherlawgroup.com

Attorneys for Thom and Jette Seal

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>METAL RECOVERY SOLUTIONS, INC.,<br>    *aka* MRS, INC,<br><br>Debtor. | Case No.: 20-50660-gs<br><br>Chapter 7 Case<br><br>**THE SEALS' OPPOSITION TO MOTION TO COMPEL COMPLIANCE WITH SALE ORDER**<br><br>Hearing Date:  June 26, 2023<br>Hearing Time: 9:30 a.m. |

Thomas Seal ("Dr. Seal") and Jette Seal ("Mrs. Seal," and together with Dr. Seal, "the Seals"), by and through their counsel, Elizabeth Fletcher, Esq., Fletcher & Lee, hereby oppose Geo-Logic Associates, Inc.'s ("GLA") Motion to Compel Compliance with Sale Order ("Motion").  Docket No. 330.  In support of this Opposition, the Seals submit the following memorandum of points and authorities and the papers and pleadings on file in this case and the related adversary proceeding, of which the Seals ask the Court to take judicial notice.  Fed. R. Evid. 201.

Dr. Seal files this opposition for the limited purpose of correcting the record in response to GLA's baseless accusation that it is Dr. Seal who has caused Element Global, Inc. (the "Buyer" or "Element") to delay closing the sale transaction.  Docket No. 330.  In the Motion, GLA alleges that the reason Element has not yet closed on the sale of the Estate's assets in compliance with the Court's Order Approving Trustee's Motion to Approve Sale of Claims and Other Bankruptcy

Estate Assets (the "Sale Order"), Docket No. 317, is somehow the fault of Dr. Seal or due to a conspiracy between Dr. Seal, Element and Jex Technologies, Inc. ("Jex"). Docket No. 330. ("At every turn, Thom Seal and his companies MRS and Differential have sought to delay the ultimate resolution of this matter at the expense of GLA and MRS's other creditors. The latest delay tactics are being carried out with the help of Element and Jex Technologies, again at the expense of GLA and other creditors. GLA was and is fully prepared to close on its purchase of estate assets. Element and Jex were within their rights to make *legitimate* overbids, but it is becoming apparent that Element is unable or unwilling to close, and Jex is more than happy to just delay."). GLA further implies that counsel for Dr. Seal and Differential Engineering "changed position and decided they must attend the hearing in person" merely to delay the auction. Id. None of these allegations are true.

First, it is important to point out that GLA provides *zero* evidence to support its unfounded contentions. Rather, GLA simply casts aspersions at Dr. Seal throughout its Motion without any sort of evidentiary basis. GLA's allegations are simply a continuation of the false representations that have been thrown around for years by GLA in an attempt to smear Dr. Seal's reputation.

With respect to the conspiracy allegation, GLA's Motion completely ignores this Court's findings in the Sale Order as to the good faith nature of the sale transaction. Docket No. 317. On April 17, 2023, this Court held an evidentiary hearing – at GLA's insistence – to delve into whether the sale of the Estate's assets to Element is an arms-length transaction. The request for an evidentiary hearing was primarily based on GLA's suspicions that Dr. Seal had colluded with Jex and/or Element during the sale and bidding process. GLA had suspicions *despite* the fact that during the auction itself, GLA stopped bidding while Element and Jex/Seal bid against each other several more times, actually *increasing* the ultimate sale price for both parties. After taking evidence at the April 17 hearing – including the testimony of (1) Dr. Seal, (2) Steve Gagnon, the Co-Chief Executive Officer, Chief Operating Officer and Director of Element, and (3) David McMullin, the Chief Executive Officer of Jex – this Court concluded that there is no evidence of collusion, that the sale is an arms-length transaction and that "Element Global, Inc., Jex Technologies, Corp., and Dr. Seal are entitled to and granted the protections of §363(m) as good

faith purchasers." Docket No. 317.

Second, the Trustee has exercised his reasonable business judgment to provide Element with two short extensions of time. On June 7, 2023, the Trustee filed his <u>Amended Notice of Extension of Time for Empire Capital Management, LLC to Tender the $2,500,000 Pursuant to This Court's May 5, 2023 Order Approving the Trustee's Motion to Approve the Sale of Claim sand Other Bankruptcy Estate Assets</u> (the "<u>Notice</u>"), to notify the Court that Element requested, and the Trustee granted (with conditions), two short extensions of time for Element to close the transaction. Docket No. 329. As the Trustee stated in the Notice, he used his reasonable business judgment to permit both extensions, requiring each time that Jex and Dr. Seal sign a document reaffirming the requirements of the Sale Order that they are bound as back-up bidders in the event that Element does not perform. <u>Id</u>. Jex and Dr. Seal signed both reaffirmations and are standing by with funds, ready to perform. <u>Id</u>. Moreover, for the second extension, the Trustee required that Element pay $50,000, which will be applied to the purchase price upon closing and is nonrefundable should Element fail to perform. <u>Id</u>. Element complied with that requirement immediately. <u>Id</u>. GLA is well protected in the event that Element fails to close the transaction.

Finally, it should be noted that GLA appears to have manufactured this timing "emergency." While it is understandable that GLA would like to be paid on its claim, GLA does not provide any reason – other than wanting to be paid and alleging paranoid conspiracies – as to why a month-long delay is so prejudicial or so dire that it was compelled to drag all parties into court on shortened time. There is no emergency here.

Based on the foregoing and any argument the Court may entertain at the hearing on the Motion, the Seals respectfully request that the Court deny the Motion and allow Element to perform by June 30, 2023.

DATED this 22nd day of June, 2023.

FLETCHER & LEE

/s/ Elizabeth Fletcher, Esq.
ELIZABETH FLETCHER, ESQ.

<u>CERTIFICATE OF SERVICE</u>

Pursuant to Fed. R. Civ. P. 5(b), I certify under penalty of perjury that I am an employee of Fletcher & Lee, 448 Ridge Street, Reno, Nevada 89501, and that on June 22, 2023, I served the <u>The Seals' Opposition to Motion to Compel Compliance with Sale Order</u> by ECF to all those persons registered with the United States Bankruptcy Court for electronic notice in this matter as follows:

SETH J. ADAMS on behalf of Creditor DIFFERENTIAL ENGINEERING INC.
sadams@woodburnandwedge.com, jheston@woodburnandwedge.com

SETH J. ADAMS on behalf of Defendant DIFFERENTIAL ENGINEERING, INC.
sadams@woodburnandwedge.com, jheston@woodburnandwedge.com

MICHAEL B. BROWN on behalf of Creditor JEX TECHNOLOGIES CORP.
michael.brown@stoel.com, dawn.forgeur@stoel.com,docketclerk@stoel.com

LOUIS M BUBALA, III on behalf of Creditor GEO-LOGIC ASSOCIATES, INC.
lbubala@kcnvlaw.com, cdroessler@kcnvlaw.com;bsheehan@kcnvlaw.com

LOUIS M BUBALA, III on behalf of Defendant GEO-LOGIC ASSOCIATES, INC.
lbubala@kcnvlaw.com, cdroessler@kcnvlaw.com;bsheehan@kcnvlaw.com

CHRISTOPHER P. BURKE
TRUSTEECBURKE@GMAIL.COM, NV35@ecfcbis.com

ELIZABETH A. FLETCHER on behalf of Defendant JETTE SEAL
efletcher@fletcherlawgroup.com, edendary@fletcherlawgroup.com

ELIZABETH A. FLETCHER on behalf of Defendant THOMAS SEAL
efletcher@fletcherlawgroup.com, edendary@fletcherlawgroup.com

ELIZABETH A. FLETCHER on behalf of Interested Party JETTE SEAL
efletcher@fletcherlawgroup.com, edendary@fletcherlawgroup.com

ELIZABETH A. FLETCHER on behalf of Interested Party THOM SEAL
efletcher@fletcherlawgroup.com, edendary@fletcherlawgroup.com

L. EDWARD HUMPHREY on behalf of Debtor METAL RECOVERY SOLUTIONS, INC.
ed@hlawnv.com, patrick@hlawnv.com,monique@hlawnv.com,megan@hlawnv.com

L. EDWARD HUMPHREY on behalf of Defendant METAL RECOVERY SOLUTIONS, INC.
ed@hlawnv.com, patrick@hlawnv.com,monique@hlawnv.com,megan@hlawnv.com

1  MICHAEL LEHNERS on behalf of Plaintiff CHRISTOPHER P. BURKE
   michaellehners@yahoo.com

   MICHAEL LEHNERS on behalf of Trustee CHRISTOPHER P. BURKE
   michaellehners@yahoo.com

   EDSON K. MCCLELLAN on behalf of Creditor GEO-LOGIC ASSOCIATES, INC.
   emcclellan@rutan.com

   RONALD P. OINES on behalf of Creditor GEO-LOGIC ASSOCIATES, INC.
   roines@rutan.com, csolorzano@rutan.com

   ROBERT T. STEWART on behalf of Creditor JEX TECHNOLOGIES CORP.
   rtstewart@foley.com, rgledhill@foley.com;robert-stewart-3880@ecf.pacerpro.com;docketflow@foley.com

   AMY N. TIRRE on behalf of Interested Party Element Global, Inc.
   amy@amytirrelaw.com, admin@amytirrelaw.com

   AMY N. TIRRE on behalf of Interested Party Empire Capital Management, LLC
   amy@amytirrelaw.com, admin@amytirrelaw.com

   U.S. TRUSTEE - RN - 7
   USTPRegion17.RE.ECF@usdoj.gov

                                         /s/ Elizabeth Dendary, CP
                                         ELIZABETH DENDARY, CP
                                         Certified Paralegal