ROBERT T. STEWART (SB #13770)
rtstewart@foley.com
ELLEN E. OSTROW (*admitted pro hac vice*)
eostrow@foley.com
FOLEY & LARDNER LLP
95 S. State Street, Suite 2500
Salt Lake City, UT 84111
Telephone: 801.401.8952

*Attorneys for JEX Technologies Corp.*

UNITED STATES BANRUPTCY COURT

DISTRICT OF NEVADA

| In re | Case No. 20-50660-gs |
|---|---|
| METAL RECOVERY SOLUTIONS, INC., aka MRS, INC., | Chapter 7 |
| Debtor. | JEX TECHNOLOGIES CORPORATION'S OPPOSITION TO GEO-LOGIC ASSOCIATES, INC.'S MOTION TO APPROVE SALE |
| | Hearing Date: 7/19/2023<br>Hearing Time: 1:30 p.m. |

JEX Technologies Corporation, a Nevada corporation, ("**JEX**") objects (the "**Objection**") to Geo-Logic Associates, Inc.'s ("**GLA**") *Motion to Approve Sale* [Docket No. 344] (the "**Motion**"). In support of the Objection, JEX states as follows:

1. The Court conducted an auction on April 5, 2023 (the "**Auction**"), where GLA, Element Global, Inc. ("**Element**"), JEX, and Dr. Thom Seal participated as bidders.

2. At the Auction, the Trustee, in his business judgment, selected Element as the highest bidder for the purchase price of $2,500,000. The Trustee also selected JEX and Dr. Seal as the backup bidder for the purchase price of $2,450,000. GLA ceased bidding at the Auction and did not submit a higher or better offer.

3. The Court approved the sale to Element and, if Element did not close, to JEX and Dr. Seal as the backup bidders on May 5, 2023 pursuant to the *Order Approving Trustee's Motion*

*to Approve Sale of Claims and Other Bankruptcy Estate Assets* [Docket No. 317] (the "**Sale Order**").

4. Prior to Element's deadline to close on the Purchased Assets, Element requested an extension of time from the Trustee to deliver the purchase price. The Trustee, in his business judgment, consented to two extensions subject to a $50,000 non-refundable payment and a commitment from JEX and Dr. Seal to remain as the backup bidder for the Assets. *See* Docket No. 328.

5. GLA objected to the second extension through its *Motion to Compel Compliance with the Sale Order* [Docket No. 330], which the Court denied.

6. Element did not provide the purchase price within the time allowed under the second extension, and the Trustee notified the parties of the same on July 3, 2023. *See* Docket No. 343. Pursuant to the Sale Order, JEX and Dr. Seal were to pay their backup bid within five (5) business days of the Trustee's email informing all parties that Element failed to perform, or by July 11, 2023.

7. On July 6, 2023, JEX contacted the Trustee about an extension to pay the backup bid on or before July 26, 2023. The Trustee agreed, and the parties stated the terms of the extension on the record at a status hearing on July 6, 2023, to which GLA did not object.

8. At the status hearing on July 6, 2023, the Trustee noted on the record, and JEX and Dr. Seal agreed, that Element could still perform prior to JEX and Dr. Seal submitting the backup bid amount. To JEX's knowledge, Element has not tendered the purchase price to the Trustee.

9. On July 10, JEX and Dr. Seal provided proof of funds to the Trustee's counsel. JEX then tendered the purchase price to the Trustee's counsel in the following installments: $300,000 on July 10, $800,000 on July 11, $675,000 on July 12, and the remaining amount for a total of $2,300,000 on July 13. Dr. Seal delivered the remaining $150,000 on July 17.

4886-5340-9393.1

10. Accordingly, JEX and Dr. Seal have tendered the purchase price and performed under the terms of the Sale Order and Term Sheet as the backup bidder.

11. JEX's counsel informed GLA's counsel of these payments throughout the week of July 10 and confirmed payment in full on July 17. JEX and Dr. Seal requested GLA withdraw its Motion to avoid having to file any objection and incur additional fees. GLA refused to withdraw the Motion.

**ARGUMENT**

GLA's Motion should be denied for three reasons. *First*, the purchase price has already been paid in full. JEX and Dr. Seal have performed under the terms of the Sale Order and Term Sheet. Pursuant to the Sale Order, the "Purchased Assets remain property of the estate until a buyer has paid the purchase price in full." As agreed by the Trustee on the record at the July 6 hearing, JEX and Dr. Seal had until July 26, 2023 to tender $2,450,000. JEX delivered $2,300,000 by July 13 to the Trustee's counsel, and Dr. Seal delivered $150,000 on July 17. Accordingly, JEX and Dr. Seal performed under the terms of the Sale Order and Term Sheet, and the Purchased Assets are to be transferred to JEX and Dr. Seal as set forth in the Sale Order.

*Second*, GLA's request would require the Trustee to breach the Term Sheet and would likely result in litigation for such breach. At the Auction, GLA participated as an active bidder and elected during the Auction to not continue to bid. The Auction closed, and the Court approved the Trustee's selection of the winning and backup bidder. When the Trustee provided an extension to Element to close, JEX and Dr. Seal agreed to remain as the backup bidder. Subsequently, when Element failed to close, the Trustee, JEX, and Dr. Seal moved forward with the backup bid, as modified on the record, and JEX and Dr. Seal performed thereunder. If the Trustee were to seek to sell the same asset to GLA, which JEX and Dr. Seal have already purchased, such action would be a breach and result in additional cost and litigation.

*Lastly*, pursuant to 11 U.S.C. § 363(b), the **trustee** can move to sell property of the estate, not a creditor or other party in interest. While GLA claims that the Trustee requested that it file the Motion, GLA itself cannot seek to sell assets of the bankruptcy estate. JEX understands that the Trustee is complying with the terms of Sale Order and Term Sheet, not seeking to sell the purchased assets to GLA.

Based on the foregoing, JEX respectfully requests the Court deny the Motion. If the Court elects to conduct another hearing on the Motion, JEX requests the Court allow for additional briefing on these issues.

Dated: July 18, 2023                                     FOLEY & LARDNER LLP

By: *Ellen E. Ostrow*
    ELLEN E. OSTROW
    ROBERT T. STEWART

*Attorneys for JEX Technologies Corp.*