LOUIS M. BUBALA III
Nevada Bar No. 8974
KAEMPFER CROWELL
50 W. Liberty Street, Suite 700
Reno, Nevada 89501
Telephone: (775) 852-3900
Facsimile: (775) 327-2011
Email: lbubala@kcnvlaw.com

Attorneys for Geo-Logic Associates, Inc.

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>METAL RECOVERY SOLUTIONS, INC.,<br>aka MRS, INC.,<br><br>Debtor. | Case No.: BK-N-20-50660-gs<br>Chapter 7<br><br>**MOTION TO APPROVE SETTLEMENT**<br><br>Hearing Date: OST Requested<br>Hearing Time: OST Requested |

Geo-Logic Associates, Inc. ("GLA"); Christopher Burke, Chapter 7 Trustee of the bankruptcy estate of Metal Recovery Solutions, Inc. ("Trustee"); and Dr. Thomas and Jette Seal, individually and as shareholders of Debtor ("Seals"), move for approval of a settlement of multiple issues with multiple parties detailed in the stipulation attached as **Exhibit 1**. This motion will allow the Trustee to conclude this case without resolution of two contested matters and additional potential appeals.

This agreement resolved multiple points:

1. GLA compromises its contested motion for an award of administrative expenses such that it is denied as moot with prejudice based on this settlement.

2. The Parties forego any dispute on the applicable interest rate for unsecured claims in this surplus case.

18014.1

Page 1 of 6

3. As a result of these two conditions, GLA and Debtor agree to split any surplus after payment of the trustee's commissions, the trustee's professionals, and the unsecured claims with interest for the claims.

4. The Trustee shall make an interim distribution on the face amount of three unsecured claims in this case within seven days of entry of the order granting this motion. The trustee's commission, the trustee's professionals will be paid when their amounts are allowed or in the final distribution, and the interest on the unsecured claims will be paid in the final distribution.

This bankruptcy case has been hotly contested for more than three years. GLA and Debtor fought for another three years before this in arbitration and federal district court. The parties are now at the point to bring this dispute to a conclusion. An agreement is in hand among the Trustee, Debtor and its principals, GLA, and the other two unsecured creditors affected by the interest rate. They request the court approve this settlement.

The Parties seek the Court's approval as it resolves issues with the Trustee. Additionally, the Office of the U.S. Trustee has requested it be set for hearing, rather than be resolved by a stipulation and order. The U.S. Trustee has not stated an objection to interim distributions as a general proposition, but seeks the opportunity to evaluate interim distributions in this case.

## Procedural History

The Court and Parties are well aware of the history, so the movants recite the core points.

In 2017, GLA sued Debtor in U.S. District Court for breach of a contract in conjunction with a gold mine in Mexico. The dispute moved to arbitration, and retired U.S. District Judge Philip M. Pro entered an award for GLA. In 2020, U.S. District Judge Miranda M. Du confirmed the award as a judgment over Debtor's objections. In 2020, GLA initiated collection efforts and filed a second action seeking to recover from Debtor's affiliates.

KAEMPFER CROWELL
50 West Liberty Street, Suite 700
Reno, Nevada 89501

In July 2020, Debtor filed its chapter 7 bankruptcy petition. The case involved numerous contested motions concerning dismissal, standing, discovery on multiple occasions, a claims objection involving a three-day evidentiary hearing, the sale of assets, and performance on the sale. On July 17, 2023, the buyers paid the $2.45 million for Debtor's assets (See Dkt. 357, JEX brief).

The estate is fully liquidated. The Trustee informally calculates that he has about $2.8 million on hand. The trustee's commission, trustee's professionals and face-value of the unsecured claims total roughly $2.5 million, leaving a potential surplus of about $300,000. GLA moved for allowance of an administrative claim for successfully objecting to the claims an insider creditor. The Trustee has responded, and the Seals objected. The Parties also still have an unresolved issue on the applicable interest rate to pay unsecured creditors in this surplus case. This likely will be contested because of the substantial variation in potential interest rates, multiplied over more than three years. Add in potential appeals, and this case may last well through 2024.

As a result, the parties have signed the attached stipulation to compromise the disputed issues and provide a prompt closing of the estate.

## **Legal Authority**

Federal Rule of Bankruptcy Procedure 9019 provides a procedure for compromises in bankruptcy. Compromises are favored in bankruptcy. *In re Blair,* 538 F.2d 849, 851 (9th Cir. 1976). As long as the bankruptcy court considers the factors that determine the reasonableness of the compromise, the court's decision must be affirmed. *In re Walsh Constr., Inc.,* 669 F.2d 1325, 1328 (9th Cir. 1982). Thus, the court must consider whether the settlement is reasonable given the case circumstances. *In re A & C Props.,* 784 F.2d 1377, 1380-81 (9th Cir. 1986). Under *A&C Properties*, the fair and equitable settlement standard requires consideration of:

1. The probability of success in the litigation.
2. The difficulties, if any, to be encountered in the matter of collection.

3. The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it.

4. The interest of the creditors and a proper deference to their reasonable views, which is considered paramount.

## Argument

GLA, the Trustee and the Seals request approval of the settlement for the following reasons.

**1. The probability of success in the litigation**

The Court has not yet taken up the contested motion on GLA's request for an administrative expense, and no party has moved for a determination of the applicable interest rate. The outcome on both matters are unknown. Even if GLA or the Seals feel one side is more likely to prevail, that is offset by the potential appeal from the losing side.

The Trustee, as a fiduciary of the estate, has an interest in the resolution—but these are disputes largely between GLA and the Seals. Both parties have and can present the points and authorities. Ultimately, the Trustee approached GLA about a potential settlement with the Seals in response to the contested motion for administrative expenses. GLA and the Seals began discussions and came to this resolution. The fact that this resolution can promptly close this case, rather than continue with contested matters and appeals, strongly favors the approval of a settlement supported by all relevant parties.

**2. The difficulties, if any, to be encountered in the matter of collection**

Collection generally is not an issue in dispute as the issues go to the rights to the potential surplus after payment the trustee, his professionals, and the face value of the unsecured claims. However, to the extend the disputes continue in contested matters and potentially appeals, the Trustee's professional expenses will continue to diminish the surplus available to pay GLA's

administrative claim, interest to unsecured creditors, or debtor.  Therefore, the risk of collection tilts in favor of supporting the settlement.

**3. The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it**

On GLA's motion for administrative expense, the contested briefing shows significant differences of opinion on the rights to the expense.  On the interest rate, the matter has not been briefed.  But GLA and the Trustee both have considered the issue, and they agree there is a range of decisions in and out of the circuit that suggest in either very little paid in interest, or a lot paid in interest.  Both of these disputes are discrete and readily subject to appeal in a case that already has had one issue up on appeal.

All these factors show there are issues of inconvenience and delay in resolving these issues.  Thus, this factor favors a settlement.

**4. The interest of the creditors and a proper deference to their reasonable views, which is considered paramount**

This settlement will result in an immediate payment of the face value of the claims of the unsecured creditors, and a prompt payment of interest on their claims.  GLA (98% of the unsecured claims) and the other two unsecured creditors support the settlement.  All three creditors also signed the stipulation consenting to the lower federal judgment interest rate.  Additionally, this settlement expedites and otherwise drawn out process, providing surplus funds back to Debtor and, ultimately, the Seals as its principals.  This factor leans heavily in favor of settlement.

**Conclusion**

GLA, Debtor and the Seals request the court approve this settlement consistent with the law developed with Rule 9019 and the court's inherent authority. All four factors in *A&C Properties* support approval of this settlement.

A proposed order is attached as **Exhibit 2**. To the extent there a difference between the motion and stipulation, the stipulation shall control.

Dated: October 18, 2023

KAEMPFER CROWELL

By: /s/ Michael C. Lehners
Michael C. Lehners
Attorney for Chapter 7 Trustee
Christopher Burke

By: /s/ Louis M. Bubala III
Louis M. Bubala III
Attorneys for Geo-Logic Associates, Inc.

FLETCHER & LEE

By: /s/ Elizabeth A. Fletcher
Elizabeth A. Fletcher
Attorneys for Dr. Thomas & Jette Seal