# EXHIBIT 1

# EXHIBIT 1

LOUIS M. BUBALA III
Nevada Bar No. 8974
KAEMPFER CROWELL
50 W. Liberty Street, Suite 700
Reno, Nevada 89501
Telephone: (775) 852-3900
Facsimile: (775) 327-2011
Email: lbubala@kcnvlaw.com

Attorneys for Geo-Logic Associates, Inc.

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re:<br><br>METAL RECOVERY SOLUTIONS, INC.,<br>aka MRS, INC.,<br><br>Debtor. | Case No.: BK-N-20-50660-gs<br>Chapter 7<br><br>**STIPULATION**<br><br>Hearing Date: N/A<br>Hearing Time: N/A |
|---|---|

Geo-Logic Associates, Inc. ("GLA"); Christopher Burke, Chapter 7 Trustee of the bankruptcy estate of Metal Recovery Solutions, Inc. ("Trustee"); Metal Recovery Solutions, Inc. ("Debtor"); Dr. Thomas Seal and Jette Seal, individually and as the sole shareholders of Debtor ("Seals"); Brownstein Hyatt Farber Schreck, LLP ("Brownstein"); Guild, Gallagher & Fuller Ltd. ("Guild"); Differential Engineering, Inc. ("Differential"); and JEX Technologies Corp. ("JEX"), agree to the following stipulation ("Stipulation"):

1. GLA moved (Dkt. 359) for an administrative expense for fees incurred successfully objecting to the claims of Differential Engineering, Inc. ("GLA's Motion"). The Trustee responded (Dkt. 366), the Seals objected (Dkt. 368), and GLA replied (Dkt. 372).

2. The Trustee has determined this is a surplus case so unsecured creditors will be paid interest on their claims before the surplus is returned to the Debtor. 11 U.S.C. § 726(a)(5)-(6). There are three allowed unsecured claims: Guild, Cl. Reg. 1, $1,500; GLA, Cl. Reg. 4, $2,215,692.69; and

Brownstein, Cl Reg. 5, $61,197.86 (the "Claims"). Any surplus returned to the Debtor is not included in the calculation of the Trustee's commission. 11 U.S.C. § 326(a). Currently, the Parties have the right to seek a judicial determination of the meaning of the "legal rate" of interest applicable to the Claims, § 726(a)(5), as judicial interpretations vary around the country.

3.  The outcome and timing remain uncertain for a final determination on the GLA Motion and for the legal rate of interest applicable to the Claims.

4.  The estate continues to incur expenses on the funds held by the Trustee, as well as legal fees for the Trustee's counsel.

5.  In resolution of the questions about the GLA Motion and the interest rate, and in order to expedite the final distribution and closing of this case for the benefit of the creditors of the estate, the parties agree as follows:

   a. This Stipulation shall be submitted to the court for approval as a settlement agreement pursuant to Federal Rule of Bankruptcy Procedure 9019 ("Settlement Motion"). None of the stipulated terms stated here are effective until and unless the court enters its order granting the Settlement Motion. If the court does not grant the Settlement Motion, the agreed terms are not binding or held against the Parties.

   b. The GLA Motion shall be denied as moot with prejudice upon entry of the order granting the Settlement Motion. If the Settlement Motion is not granted, GLA may schedule a hearing on its Motion for administrative expenses without further briefing.

   c. GLA, Brownstein, Guild and the Trustee agree that interest paid on the Claims shall be the federal interest rate under 28 U.S.C. § 1961(a) on the date of the petition, which they agree was 0.16% per annum. This is the sole matter that

requires Brownstein and Guild's agreement, but each does not object to the settlement as stated here.

    d. As part of the settlement, upon entry of the order granting the settlement motion:

        i. The Trustee shall make an interim distribution of the face amount of the Claims within seven calendar days of entry of the order (the "Interim Distribution").

        ii. The Trustee shall expeditiously prepare its final report, providing for payment of the remaining funds in the following order of priority:

            1. The Trustee's approved commission.

            2. The Trustee's approved professional fees.

            3. Interest on the Claims, from the date of the petition through the date of the Interim Distribution at the agreed upon rate of 0.16% per annum.

            4. In resolution of the GLA's Motion, GLA and the Seals agree that GLA and the Debtor shall each receive 50% of the remaining funds.

            5. GLA's 50% of the remaining funds shall be treated as an administrative expense for 11 U.S.C. §§ 326, 503.

            6. The amount to be paid to the Debtor under § 726(a)(6), shall be paid to the Seals pursuant to their Proof of Interest.

///

///

///

///

KAEMPFER CROWELL
50 West Liberty Street, Suite 700
Reno, Nevada 89501

6. Differential and JEX are parties in interest in this case. They have no interest in this settlement or the distribution of funds by the Trustee, but each does not object to the settlement as stated here.

Dated: October 18, 2023

|  |  |
|---|---|
| By: /s/ Michael C. Lehners<br>Michael C. Lehners<br>Attorney for Chapter 7 Trustee<br>Christopher Burke | KAEMPFER CROWELL<br><br>By: /s/ Louis M. Bubala III<br>Louis M. Bubala III<br>Attorneys for Geo-Logic Associates, Inc. |
| FLETCHER & LEE<br><br>By: /s/ Elizabeth A. Fletcher<br>Elizabeth A. Fletcher<br>Attorneys for Dr. Thomas & Jette Seal | HUMPHREY LAW PLLC<br><br>By: /s/ L. Edward Humphrey<br>L. Edward Humphrey<br>Attorneys for Metal Recovery Solutions, Inc. |
| By: /s/ Matthew D. Francis<br>Matthew D. Francis<br>Brownstein Hyatt Farber Schreck, LLP | By: /s/ Ken Creighton<br>Ken Creighton<br>Guild, Gallagher & Fuller, Ltd. |
| WOODBURN & WEDGE<br><br>By: /s/ Seth J. Adams<br>Seth J. Adams<br>Attorneys for Differential Engineering, Inc. | FOLEY & LARDNER LLP<br><br>By: /s/ Ellen E. Ostrow<br>Ellen E. Ostrow<br>Attorneys for JEX Technologies Corp. |