Louis M. Bubala III (NV Bar No. 8974)
KAEMPFER CROWELL
50 West Liberty Street, Suite 700
Reno, Nevada 89501
Telephone: 775-852-3900
Facsimile:  775-327-2011
Email: lbubala@kcnvlaw.com

Attorney for Geo-Logic Associates, Inc.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In re:<br><br>METAL RECOVERY SOLUTIONS, INC., aka MRS, INC.,<br><br>Debtor. | Case No.:  BK-20-50660-gs<br>Chapter 7<br><br>**MOTION FOR ORDER SHORTENING TIME**<br><br>**[MOTION TO APPROVE SETTLEMENT]**<br><br>Hearing Date: N/A<br>Hearing Time: N/A<br>Hearing Location: N/A |
|---|---|

Geo-Logic Associates, Inc. moves for an order shortening time for the hearing on its Motion to Approve Settlement ("Settlement Motion"). The Settlement Motion will resolve the last remaining issues in the case: the currently pending motion for administrative expenses, as well as the anticipated dispute over the applicable interest rate in this surplus chapter 7 case. It also will eliminate any appeals and allow this case to be closed promptly.

GLA seeks a hearing on shortened time because the lengthy history of this case and the economic implications of its pendency. Since 2017, this dispute has been in U.S. District Court, Judicial Arbitration & Mediation Services, U.S. Circuit Court, and U.S. Bankruptcy Court. GLA has received nothing on its claim of more than $2.2 million. Even with a surplus, the interest on unsecured claims may be all of 0.16%, well below market rates. GLA has concluded that now is the time to settle—but timing is of the essence and included as a condition in the settlement.

18014.1

Page 1 of 2

1   Under Federal Rule of Bankruptcy Procedure 9006(c), a court may shorten the time within which a motion may be heard "in its discretion with or without motion or notice." *In re CMX/Century Productions, Inc.*, No. 05-13435-BAM, 2006 WL 4452996 (Bankr. D. Nev. Mar. 28, 2006) (quoting Fed. R. Bankr. P. 9006(c)). By local rule, the court exercises its discretion "[i]n appropriate circumstances and for good cause shown." *Id.*; *see also* LR 9006(a). To determine "good cause," courts examine whether the movant will be prejudiced by the regular hearing timeline and whether the movant is "without fault in creating the crisis that requires . . . relief." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492–93 (C.D. Cal. 1995).

GLA respectfully asks the court to take up the Settlement Motion in shortened time to bring this long-running dispute to a conclusion. The Trustee and Debtor, along with all other relevant parties, are in agreement on resolving this matter with a hearing on shortened time. Even the Office of the U.S. Trustee, which has an oversight role in distributions, has no objection to the requested relief, including the interim distributions. It also consented to a hearing on shortened time

The court has two motions set for hearing on this case that could be used to hear the Settlement Motion: November 2, 2023, 9:30 a.m., second fee application for trustee's counsel (Dkt. 369), and November 6, 2023, 1:30 p.m., continued hearing on GLA's motion for administrative expenses (Dkt. 373). Should the court grant the Settlement Motion, GLA's motion for administrative expenses will be denied as moot with prejudice. A proposed order is attached as **Exhibit 1**.

Dated October 19, 2023     KAEMPER CROWELL

*/s/Louis M. Bubala III*
Louis M. Bubala III
Attorney for Geo-Logic Associates, Inc.